IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02386-MSK-KLM

WELLS FARGO BANK, N.A., as Trustee for the registered holders of ML-CFC Commercial Mortgage Pass-through Certificates, Series 2006-3,

    Plaintiff,

v.

GLENWOOD HOSPITALITY, INC.,
NOBLE PROPERTIES OF ARKANSAS, LLC, and
NOBLE PROPERTIES OF COLORADO, LLC,

    Defendants, and

HOSPITALITY RECEIVER, LLC,

    Receiver.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Interested Party Johnson Controls, Inc.'s ("Johnson") **Second Motion Permitting Suit or Action Against the Receiver** [Docket No. 83; Filed December 31, 2012] (the "Motion"). Johnson states that it conferred with counsel for Defendants, who opposed the Motion. However, Defendants failed to file a Response.

    In the Motion, Johnson seeks a Court Order allowing it to file suit against the Receiver in this matter, Hospitality Receiver, LLC. Johnson points to the District Judge's Order Appointing Receiver [#12], issued September 27, 2011, which states that, "No person or entity shall file suit against the Receiver, or take other action against the Receiver, without an order of this Court permitting a suit or action . . . ." [#12] ¶ 17. Johnson states that it has monetary claims against Defendants for their failure to pay for services and goods provided to them at their request. *Motion* [#83] at 2.

    The Court notes that it is unlikely that the Order Appointing Receiver was intended to bind non-parties. Further, there is no indication that the Court had jurisdiction over non-parties when it entered that Order. It is also unlikely that the Order was intended to prohibit those with claims against Defendants from pursuing their claims. Regardless, to the extent

that it may be necessary,

IT IS HEREBY **ORDERED** that the Motion [#83] is **GRANTED**. Johnson may file suit or otherwise assert its monetary claims against Defendants and/or the appointed Receiver within any court of competent jurisdiction and proper venue.

Dated: February 4, 2013