**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE MARCIA S. KRIEGER**

Civil Action No. 11-cv-02386-MSK-KLM

WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ML-CFC COMMERCIAL MORTGAGE TRUST 2006-3, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-3,

    Plaintiff,

v.

GLENWOOD HOSPITALITY, INC.; NOBLE PROPERTIES OF ARKANSAS, LLC; NOBLE PROPERTIES OF COLORADO, LLC;

    Defendants.

## CONSENT ORDER APPROVING AND CONFIRMING THE RECEIVER'S SALE OF PROPERTY

This matter is before the Court on the Expedited Motion for the Court to Approve and Confirm the Sale of Property and Receiver's Report on Same (the "Motion"). Upon review of the Motion, with the consent of Plaintiff and Defendants as evidenced by the signatures of their respective counsel below and for good cause shown, the Court FINDS as follows:

1. Pursuant to the Order Appointing Receiver entered on September 27, 2011 at Doc. 12 (the "Receivership Order"), this Court appointed Hospitality Receiver, LLC to serve as the court-appointed receiver (the "Receiver") for the Defendants' assets, including (i) a hotel known as the "Ramada Inn" located at 124 W. 6th Street, Glenwood Springs, Colorado 81601 and the improvements and personal property located thereon (collectively, the "Glenwood Springs Hotel") and (ii) a hotel known as the "Ramada Inn" located at 22140 East Highway 6, Sterling, Colorado 80751 and the improvements and personal property located thereon

(collectively, the "Sterling Hotel," and collectively with the Glenwood Springs Hotel, the "Property").

2. The Receivership Order directed the Receiver to take immediate possession of the Property.

3. Paragraph 5 on pages 8 and 9 of the Receivership Order grants to the Receiver the authority, upon request by Plaintiff, to (i) list or otherwise advertise for sale and to solicit offers to purchase the Property, (ii) file a motion for permission to sell the Property on such terms as are acceptable and approved in writing prior to such sale by Plaintiff (if there is no opposition to the motion), by way of public or private sale or other disposition free and clear of all security interests, liens, claims and other interests with all valid security interests and liens to attach to the proceeds of such sale(s), and (iii) execute any documentation on behalf of Defendants as their attorney-in-fact to effectuate such sale(s).

4. The Property was marketed for sale in a commercially reasonable manner by the broker, CBRE, Inc., a Delaware corporation, engaged by the Receiver.

5. Neither Plaintiff nor Defendants oppose the Motion.

6. The Court hereby approves the Motion and approves and confirms the sale of the Property on the terms set forth in the Motion. At the request of the Parties, the approved sale is not subject to the requirements of 28 U.S.C. §§ 2001(b) and 2004. The Court further finds that under its equitable powers and discretion concerning its appointment and supervision of a receiver, and in the best interests of the receivership estate, the requirements under 28 U.S.C. §§ 2001(b) and 2004 are waived. *See e.g. Tanzer v. Huffines*, 412 F.2d 221, 222-23 (3d Cir. 1969).

7. The Receiver is hereby authorized to consummate the sale of the Property to Colorado Hospitality Services, Inc. and its affiliates (the "Purchaser") on the terms described in the Motion, with the net proceeds of such sales to be remitted to Plaintiff for application against

the outstanding principal, interest and other amounts owed by Defendants under the Loan Documents (as defined in the Complaint) in such order and manner as Plaintiff is authorized under the Loan Documents.

8. The Court hereby authorizes and directs the Receiver to make and deliver to the Purchaser any and all documents required to convey title to the Property free and clear of any claims of the parties to this action and to execute any documentation on behalf of Defendants as Defendants' attorney-in-fact to effectuate the sale of the Property to the Purchaser.

9. Upon the Receiver's execution and delivery of the deed to the Property to the Purchaser, (i) the sale of the Property shall stand as final and confirmed, (ii) the Receiver shall thereupon be discharged and relieved from its duties under the Receivership Order solely with respect to the Property and (iii) this receivership action shall be terminated solely with respect to the Property. This Order does not terminate or otherwise affect the receivership as to any other properties of Defendants. This Court retains continuing jurisdiction over this receivership until after the rendition of the final report by the Receiver and final dismissal of this matter.

DATED this 19th day of November, 2013.

BY THE COURT:

_____
Marcia S. Krieger
United States District Court

CONSENTED TO AND APPROVED:

| | |
|---|---|
| *s/ Sean M. Hanlon* | *s/ Frederick T. Winters* |
| Michael J. Carrigan | Frederick T. Winters |
| Risa Lynn Wolf-Smith | Frederick T. Winters, LLC |
| Sean M. Hanlon | 5156 W. Fair PlaceLittleton, CO  80123 |
| Holland & Hart LLP | Phone: (303) 798-1564 |
| Post Office Box 8749 | Cell: (303) 726-3262 |
| Denver, Colorado 80201-8749 | Email: ftwinters1@aol.com |
| Phone: (303) 295-8000 | *Attorney for Defendants Glenwood Hospitality,* |
| Fax: (303) 295-8261 | *Inc.; Noble Properties of Arkansas, LLC; and* |
| Email: mcarrigan@hollandhart.com; | *Noble Properties of Colorado, LLC* |
| rwolf@hollandhart.com; | |
| smhanlon@hollandhart.com | |
| *Attorneys for Plaintiff* | |

6450980_1.DOCX